IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALEXIS AYALA-MENDEZ, :
:
    Petitioner :
: CIVIL NO. 4:09-CV-2561
:
v. : Hon. John E. Jones III
:
:
DAVID EBBERT, *et al.*[1], :
:
    Respondents :

## **MEMORANDUM**

January 25, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Alexis Ayala-Mendez, an inmate presently confined at the Allenwood Federal Correctional Institution ("FCI Allenwood") in White Deer, Pennsylvania, initiated the instant *pro se* action by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. He has requested leave to proceed *in forma pauperis*. (Doc. 5.) For the reasons set forth below, the request will be granted solely for the purpose of filing the instant action, and the Petition will be dismissed without prejudice to any right Petitioner may have to reassert his claims in a

---

[1] The only proper respondent in a § 2241 action is the person having custody of the Petitioner, *see Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004). Accordingly, Warden David Ebbert will be deemed the sole respondent for present purposes.

properly filed civil rights action.

**I.     BACKGROUND**

In his Petition, filed on December 30, 2009, Ayala-Mendez states that he is "challenging the conditions of his confinement at FCC Allenwood" in that he is alleging that he has been denied necessary medical care in violation of his Eighth Amendment rights. (Doc. 1 at 1.) Ayala-Mendez states that he is serving a 120-month sentence. (*Id.* at 2 ¶ 2.) He alleges that he had a lump growing out of his side prior to arriving at FCC Allenwood. (*Id.*) He claims that, in April 2009, he sought treatment for the lump and that FCC Allenwood medical staff informed him that he would have to wait until his release to receive treatment. (*Id.* ¶ 3.) He alleges that, in December 2009, he submitted a sick call slip stating that the lump had grown since April, and medical staff recommended that he purchase some over-the-counter medication for his condition. (*Id.* ¶ 3.)

Petitioner asks this Court to take judicial notice that a similar claim was filed in this district under § 2241 challenging the conditions under which a sentence was being served. (*Id.* ¶ 5.) He claims that this Court has ruled that such claims should be dismissed for lack of jurisdiction where a petitioner fails to state a sufficient basis for the Court to find that § 2255 provided an "inadequate or ineffective" remedy, and that claims asserting a violation of the Eighth Amendment must be brought pursuant to

2

*Bivens*[2] or 42 U.S.C. § 1983 after exhausting all administrative remedies as required by the Prison Litigation Reform Act of 1995.[3] (*Id.*) Ayala-Mendez asserts that he is not subject to the exhaustion requirement because he is seeking injunctive relief in the form of medical treatment, and because the plain language of § 2241 does not impose an exhaustion requirement. (*Id.*) He states that he is giving this Court notice that, based on his claim that he is "in custody in violation of the Constitution," a habeas petition is "an entirely proper vehicle for asserting his Eighth Amendment claim, regardless of whether such claim may also be brought as a *Bivens* or 1983 action." (*Id.*)

Petitioner also asserts that a habeas petition is the appropriate way to challenge conditions of confinement where a prisoner seeks to be transferred in order to remedy a past constitutional violation. (*Id.* at 3 ¶ 6.) He states that he is in federal custody and therefore meets the requirements of 28 U.S.C. § 2241(c)(1). He also asks this Court to take judicial notice that there is no language in § 2241 precluding a challenge under that section where a prisoner merely seeks to receive proper medical treatment. He also claims that he is challenging the execution of his sentence, as opposed to the

---

[2] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* actions are the federal counterpart to § 1983 claims brought against state officials. *Evervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) (citing *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)).

[3] Ayala-Mendez does not cite specific cases decided by this Court.

3

imposition of his sentence, and thus he properly has asserted his claims in a § 2241 petition. He asserts that the Third Circuit frequently has held that § 2241 encompasses challenges to prison conditions, and thus as a matter of both "text and precedent," his claim that he is receiving constitutionally inadequate medical care is cognizable under § 2241."[4] (*Id.* at 3.)

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)). *See, e.g., Patton v. Fenton,* 491 F.Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself." *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied,* 400 U.S. 906 (1970). The *Allen* court also stated that "the District Court has a duty to

---

[4]Ayala-Mendez does not provide citations to the Third Circuit cases to which he refers.

4

screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Id.*

The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the sentence." *Leamer*, 288 F.3d at 542. Under § 2241, a petitioner also may challenge the "execution" of his sentence, meaning how it is "put into effect" or "carr[ied] out." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005) (allowing habeas challenge under § 2241 to prison's refusal to transfer inmate to halfway house). In contrast, where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." *See Suggs v. Bureau of Prisons,* 2008 WL 2966740, at *4 (D.N.J. July 31, 2008) Rather, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542.

Although Ayala-Mendez claims to be challenging the execution of his sentence in an apparent attempt to persuade this Court to entertain his Petition, it is clear that his claim that FCC Allenwood staff have failed to provide him with adequate medical

5

treatment is a challenge to the conditions of his confinement. His requests that this Court direct Respondent to provide him with medical treatment and/or direct his transfer to a different institution are requests for injunctive relief. The granting of these requests would not affect the fact or duration of his confinement, and thus they are not properly pursued through a habeas petition.[5] *See Suggs,* 2008 WL 2966740, at *4. Rather, Ayala-Mendez may pursue them in a properly filed civil rights action. Accordingly, the Petition will be dismissed without prejudice to Ayala-Mendez's ability to pursue his claims in a properly filed civil rights action.[6]

---

[5] This Court recognizes that other courts have entertained § 2241 petitions filed by prisoners who sought to challenge medical treatment provided by the Bureau of Prisons ("BOP"). *See McCarty v. Shartle,* 2008 WL 2783495 *3 (N.D.Ohio July 15, 2008), *Sullivan v. United States,* 2002 WL 32096584 (E.D.N.Y. Dec.6, 2002). However, those decisions are not binding on this Court. In addition, they are distinguishable from the instant case in that the petitioners in those cases raised medical issues at the time they were sentenced and subsequently sought review of the BOP's execution of their sentences with regard to the treatment of those medical issues. Although Ayala-Mendez alleges that he was suffering from serious medical problems prior to arriving at FCC Allenwood, he does not allege that the sentencing court included provisions in his sentence regarding his medical treatment. (*See* Doc. 1 at 2 ¶ 2.)

[6] The Court expresses no opinion as to the merits, if any, of any civil rights claims Petitioner may file based upon the facts asserted in the instant Petition. Further, contrary to Petitioner's assertion that he is exempt from the exhaustion requirement because he seeks solely injunctive relief, the Prison Litigation Reform Act ("PLRA") makes no distinction between claims for damages, injunctive relief, or both, and therefore, the exhaustion of administrative remedies still would be required before filing suit. *Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000) (§ 1997e(a) requires an inmate to exhaust administrative remedies prior to bringing a *Bivens* action regardless of relief requested).